FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 06 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP/CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

NORMAN McCRAY                                                          PLAINTIFF

VS.                                 NO. _2:18-cv-00043   BRW_

WASHINGTON NATIONAL
INSURANCE COMPANY and
ABF FREIGHT SYSTEMS, INC.

                                                                   DEFENDANT *Wilson*

This case assigned to District Judge *Wilson*
and to Magistrate Judge _*Deere*_

**COMPLAINT**

Plaintiff, Norman McCray, by and through his undersigned attorneys, Lacy Law Firm,

and for his Complaint against Defendants, Washington National Insurance Company and ABF

Freight Systems, Inc., states:

**JURISDICTION AND VENUE**

1.     This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C.§§ 1001 et seq. ("ERISA"), to recover benefits due under an

employee benefit plan, to redress breaches of fiduciary duties under ERISA, and to recover costs

and attorneys' fees as provided by ERISA.

2.     This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA, 29

U.S.C. § 1132(a), (e)(1) and (f).  The Court has subject matter jurisdiction pursuant to 29 U.S.C.

1132(e)(1) and 28 U.S.C. § 1331.  Under section 502(f) of ERISA, 29 U.S.C. § 1132(f), the

Court has jurisdiction without respect to the amount in controversy or the citizenship of the

parties.

1

3. Venue is properly laid in this district pursuant of section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), in that one or more of the Defendants resides or is found in this district.

## PARTIES

4. Plaintiff Norman McCray is an individual residing in St. Francis County, Arkansas.

5. Defendant Washington National Insurance Company ("WNIC") is a foreign corporation with a principal place of business in a state other than Arkansas. WNIC is the claim administrator for the long term disability plan under which Norman McCray is a participant and a beneficiary. As claim administrator, WNIC had been granted authority by the Plan to administer, approve, and/or deny claims for disability benefits thereunder. WNIC made the decision to deny Plaintiff's claim for benefits, which denial is the subject of this lawsuit. WNIC's registered agent for service of legal process is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

6. Defendant ABF Freight Systems, Inc. ("ABF") is a domestic corporation with its principal place of business located in Arkansas. ABF is the Plan sponsor and "named fiduciary" of the Defendant Plan, within the meaning of § 3(16)(A) & (B), § 3(21)(A), and § 405(c) of ERISA, 29 U.S.C. § 1002(16)(A) & (B), § 1002(21)(A), and § 1105(c). ABF is a fiduciary of the Plan within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). ABF is a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14). ABF's registered agent for service of legal process is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

## COUNT I: CLAIM FOR DISABILITY BENEFITS UNDER THE PLAN

7. Paragraphs 1-6 are re-alleged and incorporated by reference as if fully set forth herein.

8. This Action falls under 29 U.S.C. §1132 of ERISA seeking recovery of benefits by Plaintiff.

9. Plaintiff is a participant in an employee benefit plan which provided disability insurance coverage. The policy of disability insurance under which he has made a claim for benefits that was denied was renewed after March 1, 2013.

10. As a participant, Plaintiff was entitled to long term disability benefits.

11. Plaintiff is disabled as a result of complications arising from a motor vehicle accident causing injuries to his head, neck, back, legs, chest, and arms.

12. Defendants have unilaterally, arbitrarily and capriciously denied Plaintiff's claim for disability benefits. This unilateral and arbitrary denial of Plaintiff's disability benefits violates the provisions of ERISA and the provisions of the Plan itself.

13. The amount of harm to Plaintiff is continuing at this time and is in excess of Federal Diversity Jurisdiction.

14. Pursuant to 29 U.S.C. § 1001 et seq., Plaintiff is entitled to recover all benefits due and owed under the Plan, past and future, all consequential and incidental damages incurred in result of the wrongful denial and termination of benefits thereunder, and all attorneys fees and costs herein expended.

## COUNT TWO: ATTORNEYS' FEES

15. Paragraphs 1-14 are re-alleged and incorporated by reference as if fully set

forth herein.

16.    Plaintiff is entitled to recover a reasonable attorney's fee and costs of the action herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

(1)    Award Plaintiff all past and future disability benefits to which he is entitled and interest as it has accrued since date of original entitlement;

(2)    Award Plaintiff the costs of this action and reasonable attorneys' fees; and

(3)    Award such other, further and different relief as may be just and proper.

Respectfully Submitted,

Brandon W. Lacy
**LACY LAW FIRM**
630 S. Main Street
Jonesboro, AR 72401
870/277-1144

Brandon W. Lacy #03098